**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE,<br>*Plaintiff,*<br>v.<br>JOHN BOYLES, et al<br>*Defendants.* | 4:26-cv-492-MAL |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of self-represented Plaintiff Supastar Ware's application to proceed *in forma pauperis*. (Doc. 2). For the reasons explained below, the Court will deny the application and dismiss this case without prejudice.

Plaintiff is incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. (Doc. 1 at 2). Plaintiff is a "prisoner" as defined in 28 U.S.C. § 1915(h) and is subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA"). (*Id.*).

The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms is what is commonly described as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.28 U.S.C. § 1915(g). To establish the "imminent danger" exception to section 1915(g), a plaintiff must plead "specific fact allegations of ongoing

serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citation omitted). Conclusory assertions of imminent danger are insufficient. *Id.*

A review of this Court's files shows that Plaintiff has, while incarcerated, filed at least three actions that were dismissed for one of the reasons set forth in section 1915(g). *See Ware v. Missouri Dep't of Corr., et al.*, No. 4:24-cv-934-ACL, Doc. 15 at 1 (E.D. Mo. July 23, 2024) (dismissed for failure to state a claim); *Ware v. Centurion Health Care*, No. 4:24-cv-1008-SEP, Doc. 23 (E.D. Mo. Aug. 8, 2025) (dismissed for failure to state a claim); *Ware v. Foley, et al.*, No. 4:25-cv-383-JAR, Doc. 16 (E.D. Mo. June 18, 2025) (dismissed as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i)). As a result, this Court cannot grant Plaintiff leave to proceed *in forma pauperis* unless the complaint shows that Plaintiff is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff's Complaint asserts a variety of claims against at least 18 individuals employed by the Missouri Department of Corrections. Plaintiff was refused an "adequate" or "extra" meal on certain occasions and Plaintiff spoke to Plaintiff's cellmate about an unknown threat to transgender safety and was "singled out treated poorly" and felt humiliated. (Doc. 1 at 9). Plaintiff alleges that a Defendant put Plaintiff in a cell that was dirty and had a malfunctioning toilet, and another Defendant was "hostile with cuffs" on one occasion. (*Id.* at 9–10). Plaintiff alleges that an HIV-positive cellmate masturbated in Plaintiff's presence and that a Defendant or Defendants mishandled Plaintiff's complaints about it. (Doc. 1 at 10). The Complaint includes several pages of mostly illegible handwriting that, as best the Court can tell, describes interference with the mail and receiving inadequate meals. (*Id.* at 12–14). Plaintiff's injuries are described by the Complaint as "Ingulfed Germs & toxic's," migraine headaches, depression, anxiety, and PTSD. (*Id.* at 15). Plaintiff claims Plaintiff must "smoke illegal K2" for pain. (*Id.*). Plaintiff states Plaintiff is suffering from malnutrition but does not describe any specific impact on Plaintiff's health as a result of Plaintiff's diet.

Plaintiff includes a lengthy and bizarre prayer for relief. Plaintiff seeks immediate release from custody, "$19,0000000," "RELEASE EVERY INMATE FILE SEALED CLOSED CAMPAIGN LETS END IT NOW SAME DAY," "DMV Tags on plates For Al released PAID for STAR Initial Plate Random (2) NUMBERS or Letters for (ALL)

Release," "MANDATORY my PLATES STATE ONLY (ONII, AN-NAJM, 5-STAR) LIFETIME INVOICE EVERY 7 Vehicals [sic] As Stated," "Establish Royal Kindums [sic] WARE Kingdom (SUPASTAR WARE As 'QUEEN' Silent King DEQUAN DEANDRE WARE Legal Name "Changed" to 'SHOOTINSTAR DIOR WARE,'" "Establish All Royal Kingdums [sic] Adding $999 Billion To Profit Orgnzation(s) [sic] of King or Queen," "Every Inmate a Dodge Gift CARD Balance of $300K As Well As 5-STAR HOTEL 30 Day Residential Until Finding Housing," lifetime supplies of Krispy Crème, Dunkin Donuts, and Edible Arrangements, luxury watches and jewelry, homes, and other relief. (*Id.* at 16–18) (emphases in original).

The Court has thoroughly reviewed and liberally construed Plaintiff's Complaint and finds that Plaintiff has failed to plead specific facts that show ongoing serious physical injury or a pattern of misconduct that suggests serious physical injury is likely. *See Martin*, 319 F.3d at 1050. As a result, this Court cannot grant Plaintiff leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(g). The Court will therefore deny Plaintiff's application and dismiss this case without prejudice to Plaintiff re-filing it upon pre-payment of the full $405 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. 2), is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

Dated this 21st day of August, 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE